### BOSTON & M. R. R. et al. v. SLOCUM et al.

(Circuit Court, S. D. New York. November 5, 1896.)

FEDERAL COURTS—EFFECT OF STATE STATUTES.

The federal courts, in administering equitable relief, are not bound by any restrictions prescribed by the local laws for state courts; but, where the local laws give any enlargement of rights, a nonresident creditor, suing in a federal court, may have the benefit of it. Accordingly, held, that a simple contract creditor of a deceased person is entitled, in a suit in a federal court, to the benefit of the New York statute of April 4, 1786, giving such creditors a right of recourse against heirs and devisees of the decedent, but is not bound to conform to the subsequent statute requiring suits in such cases to be brought against all heirs or devisees jointly.

This was a suit by the Boston & Maine Railroad and others against Henry W. Slocum and others. The case was heard upon a plea to the jurisdiction.

Joins, Kidder & Melcher, for complainants.
Hornblower, Byrne, Taylor & Miller, for defendant Slocum. ·

WALLACE, Circuit Judge. Assuming the facts set forth in the plea to be true, as must be done, because the plea has been set down for argument, the bill of complaint is to be considered as though the action were brought against Henry W. Slocum alone, to recover from him, as a devisee and legatee under the will of his father, to the extent of the assets which have come to his hands, upon a simple contract debt of the testator; the estate of the testator having been administered, and the executors thereof discharged by the probate court of the state of New York having jurisdiction thereof, before the rights of the complainants matured. The question raised by the plea is whether the cause can be adjudicated as to this defendant in the absence of his co-devisees and co-legatees, who are not made parties because they are nonresidents of the district in which the suit is brought, and are not amenable to service of process. The defendant relies upon the state statute which provides that an action to enforce the liability of a devisee for a debt of the testator shall be brought against all devisees jointly. Code, § 1846. If this statute were controlling upon this court, inasmuch as the bill seeks to recover against the defendant, not only as a devisee, but also as a legatee, and no such objection applies to a case against a legatee, the plea would have to be overruled. But the statute does not control. The federal courts administer equitable relief, between parties whose citizenship gives them jurisdiction, according to the general principles and practice of courts of equity, unembarrassed by restrictions which local laws may prescribe for state courts. If, however, an enlargement of rights is given by the laws of a state, a nonresident creditor may have the benefit of it in a federal court.

In New York, as in nearly all the other states of the Union, the old rule of the common law, by which heirs and devisees were relieved from liability for the simple contract debts of the ancestor or testator, has been abrogated; and since the statute of April 4, 1786, creditors in New York have had their remedy in equity. This remedy, when invoked by suitors in a federal court, must be enforced according to the usual course of practice and procedure in such court. For many years after the statute of 1786, the action was maintainable in the state courts of New York against one devisee to recover his proportionate part of the testator's debt; and, though it may be more convenient to proceed by a joint action against all, it is not apparent how injustice can result by proceeding against one of several, if the recovery is thus limited. As the other devisees are not amenable to the service of process, the complainant would be wholly defeated if he should not be allowed to proceed against the defendant served.

The plea is overruled.